(September 8, 1911.)

R. S. SHAW, Respondent, v. MARTHA MARTIN et al., Appellants.

[117 Pac. 853.]

MECHANIC'S LIEN—DESCRIPTION OF PREMISES—ATTORNEYS' FEES— LACHES—SERVICE OF SUMMONS — APPEARANCE—SUFFICIENCY OF COMPLAINT.

(Syllabus by the court.)

1. Rev. Codes, secs. 4138 and 4139, which provide that civil actions are commenced by filing a complaint, and that summons may issue thereon at any time within one year thereafter, apply to actions brought for the foreclosure of mechanics' liens, and with sec. 5118 provide the only limitations in the foreclosure of mechanics' liens, which are, first, that the proceedings must be commenced for the foreclosure of liens within six months after the claim of lien is filed, and, second, that a summons may be issued at any time within one year after the commencement of the action.

2. An action for the foreclosure of a mechanic's lien may be dismissed where reasonable diligence is not shown in the service of the summons, and the trial judge has the discretion to determine from the proof offered whether the plaintiff is guilty of laches, or has shown due diligence in making such service.

3. The question whether reasonable diligence has been shown is one of fact and is to be determined by the trial judge upon the facts as they are presented, and the discretion of the trial judge will be determined by the same rule of law as is applied generally in cases where discretion is vested in the trial court, and if there is an abuse of such discretion his action will be reversed; if there is not, it will be affirmed.

4. A complaint for the foreclosure of a mechanic's lien which describes in the lien the defendant's name as R. M. Gambill, and in the complaint gives the initials of said defendant as R. L. Gambill, and alleges that R. M. Gambill and R. L. Gambill is one and the same person, and that the true and correct name is R. L. Gambill, and it does not appear that the defendants are or could be in any way misled or deceived by such error in the initials of said defendant, does not make a variance between the complaint and the lien, and does not affect the validity of the claim or the sufficiency of the complaint.

5. A claim of lien which describes property as "commencing at the intersection of the middle line of Eighth street and Ada street in said Boise City; running thence south along the center line of said Eighth street 85 feet; thence west 142 feet; thence north 85 feet to the center line of Ada street; thence east 142 feet to the place of beginning," is a sufficient description of such property, as the court will take judicial notice that Boise City is in Ada county, state of Idaho.

6. Under the statutes of this state an attorney's fee may be allowed and recovered in an action to foreclose a mechanic's lien, and the statute providing for the same is constitutional.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

An action to foreclose a mechanic's lien. Judgment for plaintiff. Defendant appealed. *Affirmed.*

P. E. Cavaney, for Appellants.

It does not seem tenable that under the general laws of this state in regard to the commencing of civil actions one may file his complaint and not have summons issued until the last day of the time allowed by sec. 4139, Rev. Codes, in which to have summons issued, and then after summons does issue wait an indefinite time to suit his own convenience and pleasure to have summons served and returned. Statutes of this kind should be strictly construed against parties attempting to delay the rightful purpose of the law and machinery of the court. The court in cases of this kind should strike the complaint from the files and dismiss the cause of action.

(*Dupuy v. Shear,* 29 Cal. 242; *Lander v. Fleming,* 47 Cal. 614; *Elridge v. Kay,* 45 Cal. 49; *Grigsby v. Nampa Co.,* 36 Cal. 585, 95 Am. Dec. 213; *Carpentier v. Minturn,* 39 Cal. 450.)

All of these cases were decided prior to the amendment of the California statutes in 1889, and prior to the said amendments those statutes and the statutes of Idaho at the present time in this regard were identical.

The general statute in regard to the commencement of civil actions does not apply under the lien law. (*Flandreau v. White,* 18 Cal. 639; *Green v. Jackson Water Co.,* 10 Cal. 374; *Van Winkle v. Stow,* 23 Cal. 458; *Reynolds v. Page,* 35 Cal. 300.) The statutes that were in force in California at the time that the above cases were decided are identical in this regard to the statutes of this state at the present time.

Defendant may appear specially for the purpose of moving to dismiss a defective summons, and if the court denies the said motion, a general appearance afterward does not waive the right or cure the error. (*Lyman v. Milton,* 44 Cal. 630; *Kent v. West,* 50 Cal. 185; *Gray v. Hawes,* 8 Cal. 562; *Deidesheimer v. Brown,* 8 Cal. 339.)

Our code is identical with the Washington statute in regard to a description of the property "sufficient for identification." (Bal. Ann. Code, sec. 5904.)

The Washington court has held that the description must not be so indefinite and loose as to be meaningless on the face of the lien. (*Young v. Howell,* 5 Wash. 239, 31 Pac. 629; *Mount Tacoma M. Co. v. Cultum,* 5 Wash. 294, 32 Pac. 95; *Tacoma L. & N. Co. v. Kennedy,* 4 Wash. 305, 30 Pac. 79.)

Variance between complaint and claim of lien is fatal. (*Frazer v. Barlow,* 63 Cal. 71; *Malone v. Mining Co.,* 76 Cal. 578, 18 Pac. 772; *Palmer v. Lavinge,* 104 Cal. 30, 37 Pac. 775; *Bristow v. Evans,* 124 Mass. 548.)

Sec. 5121, Rev. Codes, authorizing the recovery of attorneys' fees in actions to foreclose mechanics' liens is unjust, unfair and unreasonable, and is class legislation and in violation of art. 1, sec. 18, of the constitution, and in violation of the fourteenth amendment. (*Gulf etc. R. Co. v. Ellis,* 165

U. S. 150, 17 Sup. Ct. 255, 41 L. ed. 666; *Builders' Supply Depot v. O'Connor,* 150 Cal. 265, 119 Am. St. 193, 88 Pac. 982, 17 L. R. A., N. S., 909, 11 Ann. Cas. 712; *Stimson Mill Co. v. Nolan,* 5 Cal. App. 754, 91 Pac. 262; *Mannix v. Tryon,* 152 Cal. 31, 91 Pac. 983; *Mills v. Olsen* (Mont.), 115 Pac. 33, and cases cited.)

S. H. Hays, and Paris Martin, for Respondent.

Whether or not this case had been prosecuted with due diligence rested in the discretion of the trial court. (*Dupuy v. Shear,* 29 Cal. 238, 243; *Carpentier v. Minturn,* 39 Cal. 450.)

"Appearance by demurrer is a general appearance, even though it is stated therein that the appearance is made simply and only for the purposes of the demurrer." (Sec. 4892, Rev. Codes; *McDonald v. Agnew,* 122 Cal. 448, 55 Pac. 125.)

A general appearance waives all defects and irregularities in notice, process or service, and gives jurisdiction over the person of the party who appears. (*Rose v. Richmond etc. Co.,* 17 Nev. 25, 27 Pac. 1105; *State ex rel. Mackey v. District Court,* 40 Mont. 359, 135 Am. St. 622, 106 Pac. 1098.)

Courts will take judicial notice of the geographical position of the towns within their jurisdiction. (17 Am. & Eng. Ency. of Law, 906; *Richardson v. Williams,* 2 Port. (Ala.) 239; *State v. Tootle,* 2 Harr. (Del.) 541; *Harding v. Strong,* 42 Ill. 148, 89 Am. Dec. 415; *Indianapolis etc. R. Co. v. Stephens,* 28 Ind. 429; *State v. Wabash Paper Co.,* 21 Ind. App. 167, 48 N. E. 653, 51 N. E. 949; *Wood v. Fowler,* 26 Kan. 682, 40 Am. Rep. 330; *Andrews v. Hoxie,* 5 Tex. 171; *Woodward v. Chicago etc. R. R. Co.,* 21 Wis. 309.)

The allegations of the complaint are in no respect inconsistent with the statements of the notice of lien. (Bloom's Law of Mechanics' Liens, p. 646; *Union Lumber Co. v. Simon,* 150 Cal. 751, 89 Pac. 1077.)

An attorney's fee is properly allowed in actions to foreclose mechanics' liens. (*Thompson v. Wise Boy Min. Co.,* 9 Ida. 363, 74 Pac. 958; *Nelson Bennett Co. v. Twin Falls Land & Water Co.,* 14 Ida. 5, 93 Pac. 789.)

STEWART, C. J.—This is an action commenced by R. S. Shaw, plaintiff, against "Martha Martin et al., and R. L. Gambill," for the foreclosure of a lien for material furnished by plaintiff to R. L. Gambill, a contractor, who made a contract with R. H. Martin and Martha Martin for the construction of a cement sidewalk upon premises alleged to belong to Martha Martin, described in the complaint as follows: "Situated in the City of Boise, County of Ada, State of Idaho, to wit: Commencing at the Northeast corner of Block 10, Resseguie's Addition to Boise City, thence west 115 feet; along North line of said block to alley; thence South along the line of said alley 55 feet; thence East 115 feet to West line of Eighth Street; thence North along West line of Eighth Street 55 feet to the place of beginning."

A summons was issued and returned by the sheriff as having been served "on Mrs. Martha Martin, the defendant named in said summons, by delivering to her, the said defendant, Martha Martin, etc." The defendant, Martha Martin, by her attorney appeared and filed a motion as follows:

"Comes now the defendant, Martha Martin by her attorney, P. E. Caveney, Esq., and appears specially and for the purpose of this motion only and moves the Honorable Court to quash the summons issued in the above-entitled cause of action and to strike the complaint in said action from the files and to dismiss said cause of action.

"Said motion is made upon the pleadings, papers and records in the said cause for the following reasons, to wit: That the said cause of action has not been prosecuted with diligence or in good faith for the reason that said complaint was filed on the 29th day of April, A. D. 1908, at 11:33 o'clock A. M. and summons was served on the 16th day of March, A. D. 1910.

"That said summons is defective and void in particular, as follows, to wit: That said summons does not contain the names of the parties defendant to the said action; that the return on the said summons is defective and void in particular as follows, to wit: That the return on the said summons shows

that said summons was served upon Mrs. Martha Martin, and there is nothing in said complaint or summons on file in said action to show that Mrs. Martha Martin is a party to the said action.''

An affidavit was filed in support of this motion in which the defendant, Martha Martin, set forth that she had a fixed residence in Boise City, and has extensive business interests and property holdings in said city, and was well known among business people, and that her location and whereabouts could easily have been ascertained. A counter-affidavit was also filed by R. S. Shaw, plaintiff, in which he set forth the commencement of other actions against other defendants for the purpose of foreclosing liens, and which cases involved the identical questions involved in the present case, and that one of said suits was brought to trial as a test case, and that he took no steps in the other suits at that time, and was awaiting the result of the test case which was tried in the district court, and finally in the supreme court; that said test case was finally determined in favor of the respondent in this case, and that he supposed the appellant, Martha Martin, would settle the present case in accordance with the decision in the test case, and when he learned that appellant refused to settle the· present case he caused summons to be issued and served.

A counter-affidavit was also filed by the appellant, Martha Martin, denying that she had any interest in the test case, and stating that she was not a party to said case and did not appear therein, and did not contribute toward the expense of said suit, and that the decision in said case does not affect her rights in the case at bar. A demurrer was also filed by Martha Martin to the complaint, setting forth a number of reasons why it was claimed the complaint was insufficient to constitute a cause of action, and setting forth a number of grounds why the complaint was defective by nonjoinder and misjoinder of parties and for want of a sufficient statement of a legal liability.

Thereafter a second amended complaint was filed in which Frank C. Martin, Maude Martin, Blanche Martin, Rodolphus Martin, Lulu Martin, Garnet Martin and Hazel Martin are

also made defendants, and in which R. H. Martin is omitted as a defendant. To this second amended complaint the defendants, Frank C. Martin, Maude Martin, Blanche Martin, Rodolphus Martin, Lulu Martin, Garnet Martin and Hazel Martin filed a motion to dismiss said action as to said defendants and to strike the names of said defendants from said amended complaint. A demurrer was also filed by Martha Martin to the second amended complaint, setting forth nonjoinder and misjoinder and insufficiency of the complaint. Thereafter the trial court sustained a motion dismissing the cause as to the defendants, Frank C. Martin, Maude Martin, Blanche Martin, Rodolphus Martin, Lulu Martin, Garnet Martin and Hazel Martin, leaving the cause of action pending against Martha Martin alone, and thereafter entered a default against Martha Martin for failing to appear and answer the complaint, and made findings of fact and conclusions of law, and entered judgment and decree for the plaintiff. This appeal is from the judgment.

Three questions are urged upon this appeal: First, did the trial court err in overruling appellant's motion to dismiss the case on account of laches in the prosecution of the same? As shown by the transcript, claim of lien was filed by respondent, R. S. Shaw, on the 29th day of October, 1907; an action was commenced for the foreclosure of said claim of lien on the 28th day of April, 1908; summons was issued in said cause on the 27th day of January, 1909, and was served upon Martha Martin on the 16th day of March, 1910, and return was made on March 17, 1910. From the showing made upon the hearing the trial court was of the opinion that the respondent was not guilty of laches, and we are of the opinion that the trial court did not err in this regard. The statute of this state fixes no time within which a summons must be served. Sec. 4138 of the Rev. Codes provides that a civil action must be commenced by filing a complaint, and sec. 4139 provides that a summons may issue thereon at any time within one year thereafter. These are the only statutory provisions which relate to the commencement of an action and the issuance and service of a summons. Rev. Codes, sec.

5124, provides that the provisions of the code relating to civil actions, new trials and appeals are "applicable to, and constitute the rules of practice in, the proceedings mentioned in this chapter," and the proceedings mentioned in the chapter are those relating to liens and the foreclosure thereof. Sec. 5118 of the Rev. Codes provides that "No lien provided for in this chapter binds any building . . . . for a longer period than six months after the claim has been filed, unless proceedings be commenced in the proper court within that time to enforce said lien. . . . . "

It will thus be seen that the only limitations fixed by the statute in the foreclosure of mechanics' liens are, first, that the proceedings must be commenced for the foreclosure of such liens within six months after the claim of lien is filed. Second, that a summons may be issued at any time within one year after the commencement of the action. There is no statutory limitation, however, as to the time within which the summons must be served after being issued. And if the provisions of the code relating to civil actions are applicable to actions for the foreclosure of mechanics' liens, then there is no statutory limitation as to the time within which the summons issued in an action to foreclose a mechanic's lien must be served. The question, however, as to whether there has been reasonable diligence in making the service is one of fact to be determined upon the proof offered and the diligence shown by the plaintiff in making such service, and must be decided by the court upon the facts as they are presented, and the discretion of the trial court will be determined by the same rules of evidence as are applied generally in cases where discretion is vested in the trial court. If there is an abuse of such discretion his action will be reversed; if there is not, it will be approved. In the case at bar we think the facts fully authorize the trial court in overruling the motion to dismiss. (*Carpentier v. Minturn,* 39 Cal. 450; *Murray v. Gleeson,* 100 Cal. 511, 35 Pac. 88.)

There are other reasons assigned for quashing the summons, which we will not discuss, for the reason that the making of the motion was a general appearance in the case,

and thereby such questions are waived. The motion demands relief, which could only be granted in an action already pending. (*In re Clark*, 125 Cal. 388, 58 Pac. 22.)

Second, it is urged that the trial court erred in overruling the demurrer to the second amended complaint. It is first argued that the complaint is bad for the reason that R. L. Gambill is made a party defendant in the complaint, while in the lien the initials of Gambill are given as R. M. Gambill. It is alleged in the complaint "that R. L. Gambill and R. M. Gambill is one and the same person, and that the true name of the person intended to be named in the statement of claim is R. L. Gambill, and that R. L. Gambill was the name of the original contractor." This is not such a variance between the complaint and the claim of lien as will affect either the validity of the claim or the sufficiency of the complaint. It is apparent from these allegations that the name of R. M. Gambill was written in the lien when the correct and true name was R. L. Gambill, and it does not appear that the appellant was in any way misled or deceived by such clerical error.

It is next argued that the complaint is insufficient for the reason that the claim of lien does not allege or show that the premises upon which the lien is claimed is located in Ada county, state of Idaho, and is therefore ambiguous and uncertain. The claim of lien describes the property as "commencing at the intersection of the middle line of Eighth street and Ada street in said Boise City; running thence south along the center line of said Eighth street 85 feet; thence west 142 feet; thence north 85 feet to the center line of Ada street; thence east 142 feet to the place of beginning." This is a sufficient description. The court takes judicial notice that Boise City is in Ada county, state of Idaho. (Rev. Codes, sec. 5950; 17 Am. & Eng. Ency. of Law, 906.) If, then, the court takes judicial knowledge that Boise City is located in Ada county, state of Idaho, then the description of the property upon which the lien was sought to be charged is complete, definite and sufficient for identification, and is as explicit and certain as it could reasonably be made.

Third: It is also contended on behalf of appellant that the judgment should be reversed for the reason that the trial court allowed attorneys' fees in such foreclosure proceeding. This question has been determined by this court, and we see no reason for changing the rule announced in those cases. (*Thompson v. Wise Boy Min. & Mill Co.*, 9 Ida. 363, 74 Pac. 958; *Nelson Bennett Co. v. Twin Falls L. etc. Co.*, 14 Ida. 5, 34, 93 Pac. 789; *Shaw v. Johnston*, 17 Ida. 676, 107 Pac. 399.)

We have carefully examined the record and find no error, and the judgment is *affirmed*. Costs awarded to the respondent.

AILSHIE, J. (Concurring Specially).—I concur in the conclusion reached by the chief justice but dissent from what is said with reference to the motion to quash summons and dismiss action being a general appearance. It seems clear to me that it was a special appearance. If a summons is not properly issued or is materially defective, the defendant may move specially to have it set aside and vacated although the action be properly pending. If a valid summons has not been served or there is no proof of service or the proof of service is invalid or void, the defendant may specially appear and move to quash the summons or service without subjecting himself to the jurisdiction of the court; so also if for any reason the court has no jurisdiction of the case or subject matter, a motion to dismiss may be made without a general appearance.

Sec. 4892 of the Rev. Codes defines a general appearance in an action as follows: "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

There is a different reason, however, why I concur in affirming the judgment. After the motion to quash and dismiss was denied, the defendant filed a demurrer which was a general appearance. This was a waiver of any error that might

have been committed in denying the motion made on special appearance. A general appearance is a waiver of all questions raised on any previous special appearance. (*Morris v. Miller,* 4 Ida. 454.)