51 P.3d 424

**Kelly HINCKS, Plaintiff–Appellant,**

**v.**

**Kevin NEILSON, an individual, Nathan Alan Urrizaga, an individual and Linda E. Hapke, an individual, Defendants–Respondents.**

**No. 27223.**

Court of Appeals of Idaho.

Jan. 24, 2002.

Sallaz Law Offices, Chdt., Boise, for appellant.

Cantrill, Skinner, Sullivan & King, Boise, for respondent Neilson.

Sasser & Inglis, Boise, for respondents, Urrizaga and Hapke.

GUTIERREZ, Judge.

Kelly Hincks appeals from the district court's dismissal of her civil claim against Kevin Neilson, Nathan Alan Urrizaga and Linda E. Hapke pursuant to I.R.C.P. 4(a)(2). Hincks failed to effect service of the summons and complaint upon Neilson, Urrizaga and Hapke within the prescribed six-month period after the initial filing of the complaint. We affirm.

## I.

### FACTS AND PROCEDURE

On August 3, 1997, Hincks was a passenger in a vehicle owned by Hapke and driven by Urrizaga. The vehicle collided with a vehicle driven by Neilson. Two years later, on August 3, 1999, Hincks filed a complaint against Neilson, Urrizaga and Hapke claiming physical injuries as a result of the accident. On December 13, 1999, approximately four and one-half months later, Hincks' counsel delivered a copy of the complaint and summons to process server Joe Caesar to effect process on all three defendants. All three defendants had moved from the addresses furnished on the accident report, and Caesar was unsuccessful in completing service of process. On May 10, 2000, Hincks filed a motion to renew summons and included an affidavit from Caesar claiming he could not locate the defendants. The district court issued an order to renew summons on May 17, 2000.

A summons and complaint were served on Neilson on June 27, 2000. On July 13, Neilson filed a motion to dismiss under I.R.C.P. 4(a)(2) for failure to serve him within six months. The district court denied the motion on September 21, 2000 after a hearing. On October 5, Neilson again moved for summary judgment, which the district court granted on October 21.

A summons and complaint were served on Urrizaga and Hapke on October 3, 2000. On November 8, 2000, Urrizaga and Hapke filed a motion with the court for dismissal of all claims under I.R.C.P. 4(a)(2). After a hearing, the district court granted their motion and ordered dismissal of Hincks' claim without prejudice.

Hincks filed this timely appeal. She argues that the district court erred in granting Urrizaga's and Hapke's motion to dismiss and Neilson's motion for summary judgment because as a matter of law, Hincks had shown good cause for not serving the defendants within six months of filing the complaint.

## II.

### STANDARD OF REVIEW

The determination of whether good cause exists is a factual one. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 941 P.2d 314 (1997). Because this is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment. *Id.* at 346, 941 P.2d at 318. Thus, when reviewing the district court's decision that the plaintiff failed to establish good cause under the rule, the appellate court must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 950 P.2d 1271 (1998); *Sammis*, 130 Idaho at 346, 941 P.2d at 318.

## III.

## DISCUSSION

■ Idaho Rule of Civil Procedure 4(a)(2) provides as follows:

If service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days notice to such party or upon motion. I.R.C.P. 4(a)(2).

The case law regarding this rule is well settled. In *Martin v. Hoblit*, 133 Idaho 372, 987 P.2d 284 (1999), the Supreme Court stated:

When the defendant makes a prima facie showing that service of process was not accomplished during the six months prescribed by the rule, the district court must determine whether there was good cause for the untimely service. The burden is on the party who failed to effect timely service to demonstrate good cause. *Sammis*, 130 Idaho 342, 941 P.2d 314 (1997); *Telford*, 130 Idaho 932, 950 P.2d 1271 (1998)

The determination of whether good cause exists is a factual one. *Sammis*, 130 Idaho at 346, 941 P.2d at 318, (citing *Shaw v. Martin*, 20 Idaho 168, 175, 117 P. 853, 855 (1911)). The Court in *Shaw*, that was not bound by a statute or rule defining timely service of a complaint, instructed that the factual question was "to be determined upon the proof offered and the diligence shown by the plaintiff in making such service, and must be decided by the court upon the facts as they are presented." *Shaw*, 20 Idaho 168, 175, 117 P. 853, 855. In ascertaining whether good cause exists, there is no bright-line test; the question of whether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case. *See State v. Beck*, 128 Idaho 416, 419, 913 P.2d 1186, 1189 (Ct.App.1996). *See also State v. Hobson*, 99 Idaho 200, 202, 579 P.2d 697 (1978).

. . . .

It is [the] six-month period following the filing of the complaint . . . that should be the focus of the court's good cause inquiry regarding why timely service was not made. *Sammis*, 130 Idaho at 346, 941 P.2d at 318; *Telford*, 130 Idaho at 936, 950 P.2d at 1275. Factors deemed irrelevant to a good cause analysis are: the *pro se* status of plaintiff, that the action will be time barred if dismissal is granted, lack of prejudice to the defendant from untimely service; *Sammis, supra;* prior notice of the claim to the defendant and the timing of the defendant's motion to dismiss. *Telford, supra. See also, Nerco Minerals Co., et al v. Morrison Knudsen Corp. et al,* 132 Idaho 531, 976 P.2d 457 (1999).

*Martin*, 133 Idaho at 375–376, 987 P.2d at 287–288. The complaint in this action was filed on August 3, 1999. Service of process did not take place within six months or by February 3, 2000, as prescribed by Rule 4(a)(2). Hincks did file a motion to renew her summons on May 10, 2000, three months after the prescribed six-month period had elapsed.

The evidence presented to the district court showing what actions Hincks took was the affidavit of the process server, Caesar. According to that affidavit, on December 13, 1999, four and one-half months after the complaint was filed, Hincks' counsel provided Caesar with the complaint and summons and instructed him to serve them on the defendants. Directly thereafter, Caesar went to the addresses given him by Hincks' counsel. Neilson, Urrizaga, and Hapke had all moved since the accident on August 3, 1997. Caesar was unable to locate the defendants despite checking local directories, the Internet, asking former neighbors for forwarding addresses and over ten attempts at unspecified times to locate the defendants. As noted by the district court in its memorandum decision granting Neilson's motion for summary judgment, Caesar's affidavit provided no specific dates for when these attempts took place to show that they occurred within the six-month period, and Hincks provided no information about any actions she or her counsel personally took during the six-month time period

following August 3, 1999. The district court took judicial notice of the fact that Neilson was listed at his new address in the U.S. West Dex Directory, published in December of 1999 and available to Hincks or her process server for two months before the period prescribed by Rule 4(a)(2) expired. Noting that Hincks failed to exercise the two options available to her when locating the defendants proved difficult—filing a motion to extend time or completing service of process by publication—the district court found that under a totality of the circumstances, Hincks had not shown good cause to explain why service did not occur within six months.

We agree. Even liberally construing the record in the light most favorable to Hincks and drawing all reasonable inferences in her favor, our independent review of the record convinces us that she did not demonstrate good cause to excuse her failure to serve the summons and complaint within the prescribed six-month period. Accordingly, we affirm the district court's dismissal of Hincks' claim.

### IV.

### ATTORNEY FEES ON APPEAL

 On appeal, Neilson, Urrizaga and Hapke ask for an award of attorney fees, claiming that the Hincks appeal was pursued frivolously, unreasonably and without foundation.

A request for attorney fees on an appeal to the Supreme Court is governed by Idaho Appellate Rule 41. *Griffin v. Griffin*, 102 Idaho 858, 642 P.2d 949 (Ct.App.1982). An award of attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 to the prevailing party. *Excel Leasing Co. v. Christensen*, 115 Idaho 708, 769 P.2d 585 (Ct.App.1989). Such an award is appropriate when the court is left with the abiding belief that the appeal has been brought, or defended frivolously, unreasonably or without foundation. *Id.* However, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

In this case, the record does not reflect that Hincks' claim was brought or pursued frivolously so as to warrant the imposition of attorney fees. Although ultimately unpersuasive, Hincks raised a genuine issue of law regarding how I.R.C.P. 4(a) should be applied. Therefore, we do not award attorney fees to Neilson, Urrizaga or Hapke on appeal.

### V.

### CONCLUSION

The district court's orders dismissing Hincks' claim as to Urrizaga and Hapke, and granting summary judgment in favor of Neilson, pursuant to I.R.C.P. 4(a)(2), for her failure to effect service of the summons and complaint upon the defendants within the prescribed six-month period after the initial filing of the complaint are affirmed. Costs, but not attorney fees are awarded to the respondents.

Judge LANSING and Judge PERRY, concur.