855 P.2d 481

**DIET CENTER, INC., Applicant–Appellant on Appeal,**

v.

**Carol BASFORD; Jack F. Gibson; Jacquie and Frank Rogers; Karen Mannes; Marylen Wilkins Melgaard, Respondents–Respondents on Appeal.**

**No. 20106.**

Court of Appeals of Idaho.

June 30, 1993.

Rigby, Thatcher, Andrus, Rigby & Kam, Chtd., Rexburg, for appellant.

Hansen, Beard, Martin, St. Clair, Peterson & Sullivan, Idaho Falls, for respondents.

WALTERS, Chief Justice.

This is an appeal from an order dismissing a declaratory action on the ground that there is an action pending between the parties in another court. For the reasons explained below, we affirm.

The facts relevant to the instant appeal may be stated briefly. The appellant, Diet Centers, Inc. ("Diet Center"), an Idaho corporation, is a defendant in a class-action lawsuit currently pending in California Superior Court in San Francisco ("the California court"). The six respondents—Carol Basford, Jack Gibson, Karen Mannes, Marylen Wilkins Melgaard, and Frank and Jacquie Rogers—are among the approximately two hundred Diet Center, Inc. franchisees and sub-franchisees who, in March 1989, filed the class action challenging Diet

Center's decision to raise its weekly continuing franchise license fee. Their claims against Diet Center include breach of contract, breach of duty under the U.C.C., misrepresentation, violation of the California Franchise Investment Law, and requests for declaratory relief and an accounting.

The license agreements between Diet Center and fifty-two of these plaintiffs—the respondents among them—contained clauses providing for arbitration of all disputes arising out of or relating to the franchise agreement. These agreements further provided that the arbitrations would take place in Rexburg, Idaho,[1] and that the Idaho Uniform Arbitration Act would apply.[2] Thus, in June, 1989, Diet Center filed an application for declaratory relief in the District Court of the Seventh Judicial District in the State of Idaho, Madison County, (the "Idaho district court"), seeking to compel these fifty-two franchisees and sub-franchisees to submit their controversies to arbitration. In consideration of the class action pending in the California court, however, the Idaho district court refused to exercise jurisdiction over these fifty-two plaintiff-franchisees and dismissed Diet Center's application. No appeal was taken from that order. Diet Center then petitioned the California court to compel arbitration. Granting Diet Center's petition, the California court stayed the class action proceedings and ordered the fifty-two plaintiffs to arbitrate their disputes with Diet Center.

Diet Center then sent demands for arbitration to six of the fifty-two arbitrating plaintiffs (the respondents herein), and, by the method provided in the arbitration agreements, the parties selected a panel of arbitrators. However, the arbitration process came to a standstill when the parties failed to agree upon the authority of the arbitrators to determine which of the franchisees would be the first to arbitrate. The panel of arbitrators suspended the arbitra-

---

**1.** At the time of the franchise agreements, Diet Center's headquarters were located in Rexburg. Although Diet Center has since moved its headquarters to another state, it remains an Idaho corporation.

**2.** *See* Idaho Code § 7–901 *et seq.*

tion proceedings pending a "final and authoritative decision" identifying the first arbitrating plaintiff. Diet Center then filed a new application in the Idaho district court seeking an order confirming the power of the arbitrators to determine the sequence of the arbitrations. The respondents moved to dismiss the application on grounds of lack of personal jurisdiction, res judicata, forum non conveniens, and the ground that there is another action pending between the parties. Although the court concluded it had jurisdiction over the dispute, the court refused to consider the action on its merits on the ground that there is another action pending between the same parties, for the same cause, in another court.[3] *See* I.R.C.P. 12(b)(8). Diet Center filed this appeal.

The dispositive issue on appeal is whether the district court properly granted the respondent's motion for dismissal on the ground that an action between the parties is pending in another court. The defense of pendency of another action is explained as follows:

> Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action.

> This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.

21 C.J.S. *Courts* § 188, at 222 (1990). *See also* 20 AM.JUR. *Courts* §§ 128–138 (1965) (discussing the "priority principle" as con-

trolling the exercising of concurrent jurisdiction).

■■■ The determination of whether to proceed with an action where a similar case is pending elsewhere is committed to the trial court's sound discretion. This determination will not be overturned unless discretion has been abused. *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 684 P.2d 307 (Ct.App.1984). When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of this inquiry is (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App. 1987). Here, the district court properly identified its decision as involving the exercise of discretion. Thus, we next consider whether the judge's discretionary alternatives were governed by particular legal standards, and whether the judge reached his decision consistent with such standards.

■■■ In deciding whether to exercise jurisdiction over a case when there is another action pending between the same parties for the same cause, a trial court must evaluate the identity of the real parties in interest and the degree to which the claims or issues are similar. *Wing*, at 106 Idaho at 908, 684 P.2d at 310. The trial court is to consider whether the court in which the matter already is pending is in a position to determine the whole controversy and to settle all the rights of the parties. *See* 21 C.J.S. *Courts*, *supra*, § 188, at 222.[4] Additionally, the court may take into account the occasionally competing objectives of judicial economy, minimizing costs and delay

---

3. Because we find this issue to be dispositive, we need not address the district court's alternative grounds for declining to exercise its jurisdiction.

4. If by reason of the limited jurisdiction or mode of proceedings of the other court these results cannot be accomplished, then the trial court may properly exercise jurisdiction. 21 C.J.S. *Courts* § 188, at 222 (1990).

to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments. *Wing,* 106 Idaho at 908, 684 P.2d at 310.

■ Here, the parties concede that the California court has jurisdiction over the parties and jurisdiction to enforce their arbitration agreements.[5] Furthermore, the record establishes that the California court exercised its jurisdiction over the case— including its order that the fifty-two plaintiffs submit their disputes to arbitration— before Diet Center filed its application for declaratory relief with the Idaho district court. In refusing to inject itself into the controversy, the Idaho district court stated its concern for the efficient resolution of controversies. The judge observed that the arbitration issues in this case had volleyed between the California and Idaho courts for several years, and that it was difficult, if not impossible, for either court to know the basis for the other's rulings or the policies the other is trying to further. The district court then recognized the benefit of having one court "in charge" of complex litigation such as that underlying the parties' dispute. Finally, the district court rejected Diet Center's argument that Idaho's interest in interpreting and applying its own laws required that the Idaho district court exercise jurisdiction over the matter. The district judge concluded that the state had very little interest in adjudicating the dispute, as none of the parties resided in Idaho, and concluded that having a hand in the application of its laws was a negligible consideration.

Based upon these facts and the entire record before us, we conclude that the district court's decision to decline jurisdiction on the ground that another action was pending was consistent with the applicable legal standards, and that its decision was reasonable. Finding no abuse of discretion, we will not disturb that decision on appeal.

5. It is well established that parties may not by consent divest a court of its jurisdiction. *See* 21 C.J.S. *Courts* § 71, at 89 (1990). Thus, the three

The order granting the respondents' motion to dismiss Diet Center's application for declaratory relief is affirmed. Costs to the respondents, Basford, Gibson, Mannes, Melgaard, and the Rogers. No attorney fees on appeal.

LANSING and SWANSTROM, JJ., concur.

franchise agreements providing for venue in Idaho does not operate to deprive the California court of its jurisdiction over the matter.