927 P.2d 925

D. Bernard ZALEHA, an individual,
Plaintiff–Appellant,

v.

ROSHOLT, ROBERTSON & TUCKER, CHTD., an Idaho corporation, John A. Rosholt, J. Evan Robertson, James C. Tucker, Gary D. Slette, Jerry V. Jensen, and Bruce M. Smith, individuals, Defendants–Respondents.

No. 22877.

Court of Appeals of Idaho.

Dec. 4, 1996.

William B. Latta, Jr., Boise, for plaintiff–appellant.

Hall, Farley, Oberrecht & Blanton, Boise, for defendant–respondent, Slette.

Law Office of Brian D. Harper, Twin Falls, for defendant–respondent, Robertson.

Cantrill, Skinner, Sullivan & King, Boise, for all other defendants–respondents.

PERRY, Judge.

This is an appeal from three orders of dismissal. The district court dismissed the action on the ground that there was a suit pending between the same parties with the same causes of action in another court. For the reasons explained below, we vacate the dismissal orders, and we remand this case to the district court for an order staying the proceedings.

## I.

### FACTS AND PROCEDURAL BACKGROUND

D. Bernard Zaleha was employed as an attorney by the law firm of Rosholt, Robertson & Tucker Chtd. (RRT). In October 1992, RRT terminated Zaleha's employment. Two years later, and one day before the statute of limitation expired, Zaleha filed two law suits—one in the District Court of the Fourth Judicial District of the State of Idaho (district court), and one in the United States District Court for the District of Idaho (federal court). The complaints were nearly identical, with the same parties and the same causes of actions. In both suits, Zaleha named as defendants RRT and John A. Rosholt, John A. Robertson, James C. Tucker, Gary D. Slette, Jerry V. Jensen and Bruce M. Smith, individually, as shareholders of RRT. Both complaints alleged causes of action arising under state law, as well as causes of action based on federal law, relating to Zaleha's discharge from employment by RRT.

The defendants filed motions to dismiss the state action on the basis that there was another suit pending in federal court between the same parties for the same cause. Zaleha moved to stay the proceeding until the federal court determined whether it would entertain the state law claims. In February 1996, the district court held a hearing on all pending motions. The district

court granted each of the defendants' motions and dismissed Zahela's state action. Zahela appealed.

## II.

### ANALYSIS

■ Zaleha argues on appeal that the district court abused its discretion in dismissing the state action. Zaleha asserts that at the time the district court dismissed his action, the federal court had not decided whether to entertain his state law claims. He contends that if the dismissal of his state action is allowed to stand, and if the federal court declines to exercise supplemental jurisdiction over his state law claims, he will be without a forum to litigate those claims because the statute of limitation has already run.

■ The trial court's determination under I.R.C.P. 12(b)(8) of whether to proceed with an action where a similar case is pending in a separate court is discretionary. *Diet Center, Inc. v. Basford*, 124 Idaho 20, 22, 855 P.2d 481, 483 (Ct.App.1993). This decision will not be overturned unless the trial court abuses its discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). This Court has stated that in exercising such discretion:

[A] trial court must evaluate the identity of the real parties in interest and the degree to which the claims or issues are similar.... [T]he court may take into account the occasionally competing objectives of

judicial economy, minimizing costs and delay to litigants, obtaining prompt and orderly disposition of each claim or issue, and avoiding potentially inconsistent judgments.

*Diet Center,* 124 Idaho at 22, 855 P.2d at 483 (citations omitted).

Zaleha concedes that the first two discretionary tiers were satisfied. Zaleha's appeal focuses on the third tier—whether the district court exercised reason in reaching its decision.

■ In granting the respondents' motions to dismiss, the district court stated:

I don't see any need to have this case sitting here until the federal case is resolved to see if there is some claim in the federal case that needs to be then litigated in this case. That would increase the expense to the parties, prolong the litigation, so I will grant the motion to dismiss.

Time and expense are factors that the district court properly considered in determining whether to dismiss a parallel action. However, in view of the facts and circumstances of this case, we conclude that the district court did not give proper consideration to Zaleha's principal argument—that he will be denied his day in court if the federal court declines to exercise jurisdiction over his state law claims.

The Idaho Supreme Court has addressed a similar situation in *Roberts v. Hollandsworth,* 101 Idaho 522, 616 P.2d 1058 (1980). In *Roberts,* the state district court dismissed the plaintiff's state suit on the basis that there was a parallel suit in federal court. In affirming the dismissal of the state case, our Supreme Court noted that "there is no suggestion in the record that the federal district court did not have jurisdiction to resolve the entire conflict between the parties, and the plaintiffs have not asserted that the federal court lacked jurisdiction to resolve the issues on the merits." *Id.* at 525, 616 P.2d at 1061. In *Roberts,* however, when the district court dismissed the plaintiff's state suit, the plaintiff's federal suit had already proceeded to judgment and was on appeal to the Ninth

Circuit. In the instant action, unlike *Roberts,* when the district court dismissed Zaleha's state action, the federal court had not yet determined whether to exercise its jurisdiction over Zaleha's state law claims.

This Court addressed a similar issue in *Diet Center.* In *Diet Center,* we affirmed the state district court's dismissal of a state action where there was a parallel action filed in California. However, again as in *Roberts,* this Court noted that "the parties concede that the California court has jurisdiction over the parties and jurisdiction to enforce their arbitration agreements. Furthermore, the record establishes that the California court exercised its jurisdiction over the case ..." *Diet Center,* 124 Idaho at 23, 855 P.2d at 484 (footnote omitted).

■ Therefore, our reading of *Roberts* and *Diet Center* constrains us to conclude that whether the other court has already exercised jurisdiction is an important factor in determining whether to dismiss a parallel Idaho action under Rule 12(b)(8). In this case, Zaleha asserts that the federal court has not exercised supplemental jurisdiction over his state law claims and it remains a distinct possibility that the federal court may not exercise such jurisdiction. In fact, after Zaleha's state action had been dismissed, respondent Robertson argued before the federal court that it should decline to exercise its supplemental jurisdiction and also dismiss Zaleha's federal action.

The district court failed to address Zaleha's argument that he may be foreclosed from ever litigating his state law claims. The district court indicated that time and expense were its reasons for dismissing the action. The district court, however, failed to properly analyze the eventual consequences to Zaleha of dismissing the state action. Because the statute of limitation had run, Zaleha would be unable to refile his state law claims with the state district court if the federal court chooses not to exercise its juris-

diction. Consequently, Zaleha would never have his day in court and would be denied a forum in which to proceed.

## III.

### CONCLUSION

Based on these facts and the record before us, we hold that the district court's decision dismissing Zaleha's state action on the basis that there was a parallel action pending in federal court was error. Therefore, we vacate the orders dismissing the state action and remand to the district court to enter an order granting Zaleha's motion to stay the proceedings. Costs, but not attorney fees, are awarded to appellant, Zaleha.

WALTERS, C.J., and LANSING, J., concur.