950 P.2d 1271

**Mike TELFORD, Plaintiff–Appellant,**

v.

**Ira Neibaur, Darwin Neibaur, Defendants,**

and

**MART PRODUCE, INC., Defendant–Respondent.**

No. 23069.

Supreme Court of Idaho,
Boise, November 1997 Term.

Jan. 16, 1998.

Jim Jones & Associates, Boise, for appellant. Jim Jones argued.

Parsons, Smith, Stone & Fletcher, Burley, for respondent. William A. Parsons argued.

SCHROEDER, Justice.

This is an appeal from the district court's order dismissing plaintiff-appellant Mike Telford's claim against the defendant-respondent Mart Produce. The district court dismissed the case because Telford failed to serve Mart Produce within the six-month period prescribed by Idaho Rules of Civil Procedure 4(a)(2). We affirm.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Pursuant to I.R.C.P. 4(a)(2), the district court dismissed this case for failure to effect timely service. Because the action was dismissed on procedural grounds, it is unnecessary to recite the facts framing the substantive issues in this case. The following is the relevant procedural history:

1. May 13, 1994—Telford filed a complaint in Minidoka County against Ira and Darwin Neibaur and Mart Produce.

2. February 3, 1995—The district court ordered a stay of the proceedings as a

result of Ira and Darwin Neibaur's pending bankruptcy proceedings.

3. June 19, 1995—Telford filed a separate action in Cassia County against Mart Produce in order to avoid the stay of proceedings in the original action.

4. September 27, 1995—The Cassia County district court dismissed the action because of the pending case between Telford and Mart Produce involving the same issues.

5. October 26, 1995—Telford filed a motion to bifurcate the Minidoka County action, lift the stay of proceedings and grant relief from I.R.C.P. 4(a)(2).

6. November 16, 1995—The district court granted Telford's motion to bifurcate the Minidoka County action, lift the stay of proceedings and grant relief from I.R.C.P. 4(a)(2).

7. November 22, 1995—Telford served Mart Produce with a summons and complaint.

8. March 27, 1996—Mart Produce responded to Telford's discovery request.

9. March 27, 1996—Mart Produce filed a motion to dismiss pursuant to I.R.C.P. 4(a)(2).

10. April 25, 1996—The district court reconsidered its original order granting Telford relief from I.R.C.P. 4(a)(2) and granted Mart Produce's motion to dismiss.

11. May 3, 1996—Telford filed a motion to reconsider the district court's order dismissing the case or, in the alternative, leave to file an amended complaint.

12. May 21, 1996—The district court denied Telford's motion to reconsider the district court's order dismissing the case or, in the alternative, leave to file an amended complaint.

At no time during the six-month period prescribed by Rule 4(a)(2), did Telford attempt to serve Mart Produce.

## II.

## STANDARD OF REVIEW

■ The determination of whether good cause exists is a factual one. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). "Because this is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment." *Id.* Thus, when reviewing the trial court's decision that Telford failed to establish good cause under the rule, the Court must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *Id.*; *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

## III.

## RECONSIDERATION OF ORDER GRANTING RELIEF FROM I.R.C.P. 4(a)(2)

■ Because the district court initially granted Telford's motion for relief from I.R.C.P. 4(a)(2), the first issue to be decided is whether a district court can reconsider and vacate such an interlocutory order. This Court has held that I.R.C.P. 11(a)(2)(B) provides the authority for a district court to reconsider and vacate interlocutory orders so long as final judgment has not yet been ordered. *Sammis*, 130 Idaho at 346, 941 P.2d at 318; *Farmers Nat'l Bank v. Shirey*, 126 Idaho 63, 68, 878 P.2d 762, 767 (1994). In this case, the district court reconsidered its ruling before the entry of final judgment and, therefore, acted with authority under the rule.

## IV.

## GOOD CAUSE

■ Idaho Rule of Civil Procedure 4(a)(2) required the court to dismiss the action unless Telford demonstrated good cause for failure to timely serve Mart Produce. The version of I.R.C.P. 4(a)(2) in effect at the time the complaint was filed provided:

If a service of summons and complaint is not made upon a defendant within (6) six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why

such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative without notice to such party or upon motion.

I.R.C.P. 4(a)(2) (1994). "By its terms, Rule 4(a)(2) imposes the burden of demonstrating good cause on the party who failed to effect timely service...." *Sammis,* 130 Idaho at 346, 941 P.2d at 318. Therefore, Telford must demonstrate good cause. The relevant period of time on which to focus is the six months following the filing of the complaint—May 13 through October 13, 1994. Telford asserts that the following circumstances constitute good cause:

*1.  Prior notice of claim*

Telford argues that although Mart Produce was not served, it had notice of Telford's claim, even before the complaint was filed. However, the fact that Mart Produce had knowledge of the claim does not establish good cause for Telford's failure to serve the summons and complaint.

*2.  Settlement negotiations*

Telford asserts that service of process was held in abeyance to determine whether a settlement could be reached with the other defendants, Ira and Darwin Neibaur. The record does not reflect that Telford engaged in any such settlement negotiations before the expiration of the six-month period. Therefore, this factor is irrelevant to a good cause determination.

*3.  The stay of proceedings*

Telford next argues that the stay of proceedings impeded his ability to further pursue Mart Produce. The stay of proceedings, however, is irrelevant to a good cause determination in this case because it occurred after the expiration of the six-month time limit to serve Mart Produce. Telford filed the complaint on May 13, 1994, and the stay of proceedings was entered on February 3, 1995, three months after the time to effect timely service.

*4.  Prompt dismissal and response to discovery*

Telford also argues that good cause existed because Mart Produce did not promptly seek to dismiss the case upon being served; rather it waited four months and then submitted to a discovery request before filing a motion to dismiss. Citing *Grant v. City of Twin Falls,* 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987), Telford contends that the Court of Appeals has held that failure to promptly seek dismissal is a factor in the good cause analysis. The version of I.R.C.P. 4(a)(2) in effect at the time of *Grant,* however, "authorized, but did not specifically require, that the summons be issued by the clerk within [the one year] period.... [T]he rule contained no provision invalidating a summons issued after one year, nor did it provide for a dismissal of an action solely upon the ground that the summons was issued [late]." *Id.* at 606, 746 P.2d at 1065. The version of the Rule in effect at the time of this case, however, "is couched in mandatory language, requiring dismissal where a party does not comply." *Sammis,* 130 Idaho at 347, 941 P.2d at 319. When a rule is mandatory, rather than discretionary, the time at which dismissal is sought is irrelevant. Furthermore, as Telford noted, failure to seek prompt dismissal was only one of several factors that led the Court of Appeals in *Grant* to hold that good caused existed.

Telford also argues that it is significant that Mart Produce submitted to a discovery request before it moved for a dismissal. However, Mart Produce did not respond to discovery until after the six-month period had expired and the district judge had initially granted Telford relief from Rule 4(a)(2). Until the case was dismissed, Mart Produce was required to respond to discovery. Mart Produce's response to discovery does not explain why service could not have been accomplished within the prescribed six-month period. The response to discovery is irrelevant to a good cause determination.

*5.  Subsequent case against Mart Produce*

On June 19, 1995, Telford brought a separate action in Cassia County against

Mart Produce in order to avoid the stay of proceedings in the original action when it became apparent that he would not have a remedy against the other defendants, Ira and Darwin Neibaur. The Cassia County district court dismissed this action because of the pending Minidoka County case. Telford argues that the action against Mart Produce in Cassia County was dismissed "partly [as] a result of the lower court's failure to fastidiously apply the dismissal provisions of I.R.C.P. 4(a)(2)." In other words, if the Minidoka district judge had not initially granted Telford's motion for relief from I.R.C.P. 4(a)(2), the Cassia County district judge would not have dismissed Telford's second action against Mart Produce. Telford asserts that he was therefore "caught in an unfortunate dilemma, not all of which was [his] own making." Telford would have had no dilemma, however, had he timely served Mart Produce. The fact that a subsequent action against Mart Produce was also dismissed, does not provide an explanation as to why service was not accomplished within the prescribed six-month period. The subsequent dismissal is also irrelevant because it occurred after the six-month period had expired.

### 6. Prejudice to defendants

 Finally, Telford asserts that good cause existed because Mart Produce failed to show that it was prejudiced by late service. In a recent decision this Court held that "lack of prejudice to defendants does not constitute a reason *why* service could not be made." *Sammis,* 130 Idaho at 348, 941 P.2d at 320 (emphasis in original). Telford nonetheless argues that prejudice is still a relevant factor in determining good cause and should be considered in light of the "totality of circumstances." This Court in *Sammis* did look at the "totality of circumstances" to determine whether good cause existed and found that "[b]ecause the [appellant has] not proffered a legitimate reason for the late service and thus [has] not demonstrated good cause ..., the respondents' lack of showing of prejudice is irrelevant." *Id.* Similarly, Telford has not shown a legitimate reason for late service and the "totality of circumstances" do not amount to good cause.

## V.

### AMENDED COMPLAINT

When the Minidoka County district court dismissed Telford's action, Telford sought reconsideration and, in the alternative, leave to file an amended complaint. Telford sought to amend the complaint by naming only Mart Produce as a defendant. The district court denied both motions. Telford argues that the district court abused its discretion when it did not state a reason for denying Telford's alternative motion for leave to file an amended complaint. As the district court had dismissed the action altogether, Telford was not entitled to file an amended complaint.

## VI.

### CONCLUSION

Telford did not demonstrate good cause for failure to timely serve Mart Produce, and the district court's dismissal of Telford's claim against Mart Produce pursuant to I.R.C.P. 4(a)(2) is affirmed. Costs are awarded to Mart Produce. No attorney fees are allowed.

TROUT, C.J., and SILAK and WALTERS, JJ., and GOFF, J. Pro Tem., concur.