976 P.2d 457

**NERCO MINERALS COMPANY and Ner-co Delamar Company, now doing business as Kinross Delamar Company, Plaintiffs–Appellants,**

v.

**MORRISON KNUDSEN CORPORATION and Morrison Knudsen Engineers, Inc., Defendants–Respondents.**

No. 24152.

Supreme Court of Idaho,
Boise, December 1998 Term.

March 31, 1999.

Stoel Rives and McDevitt & Miller, Boise, for appellants. Chas. F. McDevitt argued.

Hawley, Troxell, Ennis & Hawley, Boise, for respondents. Eugene A. Ritti argued.

TROUT, Chief Justice.

Nerco Minerals Company (Nerco) appeals from the district judge's decision dismissing its complaint under I.R.C.P. 4(a)(2). Nerco filed suit against Morrison Knudsen Corporation and Morrison Knudsen Engineers (collectively "MK") in federal and state court. Nerco served MK with a copy of the federal complaint. In an apparent attempt to avoid the cost of defending a motion to dismiss under I.R.C.P. 12(b)(8), Nerco chose not to serve a copy of the state complaint within the period set forth in I.R.C.P. 4(a)(2). Consequently, the district judge dismissed Nerco's state action.

## I. FACTUAL AND PROCEDURAL HISTORY

Nerco contracted with MK to design a heap leach pad for Nerco's mine in Owyhee County. Nerco alleges the heap leach pad failed causing damages so severe that its mine was rendered useless. On November 24, 1993, Nerco filed complaints in federal district court and in state district court. The same day Nerco served MK with a copy of the federal complaint but not the state complaint. The case proceeded in federal court.

On June 20, 1995, District Judge Dennis E. Goff issued a notice of proposed dismissal of the state action due to lack of activity pursuant to I.R.C.P. 40(c). Nerco filed, under seal, an affidavit and memorandum in response. Nerco explained that it was also

pursuing the same action in federal court. Nerco claimed it believed federal diversity jurisdiction existed,[1] but if that belief proved false it also filed a complaint in state court to toll the statute of limitations. Because Nerco was actively pursuing the action in federal court at the time, Nerco argued that good cause existed for the state court to retain the case and that doing so was well within the court's discretion.

Judge Goff issued an order allowing Nerco fourteen days to file proof of service. Nerco filed a second affidavit and memorandum under seal. Without directly explaining why it did not want to serve MK with a copy of the state complaint other than not to reveal the potential jurisdictional problem, Nerco argued that where good cause exists, neither Rule 40(c) nor Rule 4(a)(2) require service of process. For the same reasons it argued before, Nerco asserted good cause existed for the court to retain the case. Judge Goff issued a second order retaining the case on the court's calendar for six months.

In September 1995, MK filed a motion to dismiss the federal claim for lack of subject matter jurisdiction. Nerco met with MK to discuss staying the federal action and continuing the litigation in state court. MK rejected the proposal. Nerco then filed a motion to stay the federal action which the federal court denied. As a result, Nerco agreed to voluntarily dismiss the federal action in exchange for MK's agreement to waive its right to attorney fees and costs. In October 1995, Nerco served MK with a copy of the state court complaint, nearly two years after Nerco originally filed the complaint in Owyhee County.

MK responded by filing a motion to transfer venue to Ada County or, alternatively, to dismiss the state action pursuant to I.R.C.P. 4(a)(2). In a May 21, 1996, order Judge Goff granted MK's motion to transfer venue without ruling on MK's motion to dismiss. Judge Goff stated that he did not condone Nerco's "judicial maneuvering," further noting that Nerco should have served MK with a copy of the state complaint and then moved to stay

the state action pending the outcome of the federal proceedings. Judge Goff also indicated that throughout the state court proceedings, he had never directly ruled on a motion to dismiss under I.R.C.P. 4(a)(2). Consequently, the litigation was transferred to Ada County where Judge Neville was assigned the case.

Immediately upon transfer, MK renewed its motion to dismiss pursuant to I.R.C.P. 4(a)(2). After resolving some concerns about bankruptcy proceedings involving MK, Judge Neville granted the motion and dismissed the case without prejudice. Judge Neville found that Judge Goff had never ruled on a motion to dismiss under I.R.C.P. 4(a)(2) and that Judge Goff's rulings were limited to I.R.C.P. 40(c). Moreover, the district judge concluded that the determination of good cause under 4(a)(2) differs from that under 40(c). To avoid defending a motion to dismiss under I.R.C.P. 12(b)(8), Nerco intentionally chose not to serve MK with a copy of the state complaint within the time frame required by I.R.C.P. 4(a)(2). Judge Neville reasoned that Nerco's motivation does not constitute good cause under 4(a)(2). Nerco should have served MK with a copy of the state complaint and then filed a motion to stay the state proceedings pending a jurisdiction determination by the federal court.

Nerco appeals, and both parties request attorney fees on appeal.

## II. STANDARD OF REVIEW

■ Rule 4(a)(2) requires a party to serve a copy of the complaint within six months of filing. Unless the party can show good cause for failure to serve within those six months, a court must dismiss the action without prejudice. I.R.C.P. 4(a)(2). This Court has recently noted that a determination of whether good cause, under Rule 4(a)(2), exists is a factual one. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 316 (1997). Consequently, when reviewing a decision dismissing a case under that Rule, "the appropriate standard of review is the same as that

---

1. In 1989 Federal District Judge Ryan dismissed an action brought by Nerco against an Idaho corporation finding Nerco an Idaho resident for diversity purposes. *Nerco Delamar Co. v. North Am. Silver Co.*, 702 F.Supp. 809 (D.Idaho 1989).

used to review an order granting summary judgment." *Id.* This Court will liberally construe the record in favor of Nerco and draw all reasonable inferences and conclusions in its favor. *See Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 869 P.2d 1365 (1994).

## III.  DISCUSSION

■■■ Nerco filed a complaint against MK in state court on November 24, 1993.  Nerco did not serve MK with a copy of that complaint until October 1995.  The relevant portion of Rule 4(a)(2), as it existed when Nerco filed the state complaint provided:

> If service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice.

I.R.C.P. 4(a)(2) (1994).  Dismissal is mandatory unless a plaintiff can show good cause for failing to serve.  *Sammis,* 130 Idaho at 346, 941 P.2d at 318.  In analyzing whether the plaintiff had good cause, this Court must focus on the six-month period beginning the date the complaint was filed.  *Id.* Thus, for the purpose of this case, the relevant time period is between November 24, 1993, and May 24, 1994.  Moreover, whether the defendant suffered prejudice is irrelevant in determining if the plaintiff had good cause.  *Id.* Instead this Court must, considering the totality of the circumstances, determine whether the plaintiff had a legitimate reason for not serving the defendant with a copy of the state complaint during the relevant time period.  *Telford v. Mart Produce, Inc.,* 130 Idaho 932, 950 P.2d 1271 (1998).  Furthermore, the defendant's knowledge of the claim and complaint is irrelevant to a determination of good cause.  *Id.* at 934, 950 P.2d at 1273.

### A.  Applicable Standard for Good Cause

#### *I.R.C.P. 40(c)*

■■■ Nerco argues that Judge Neville erred in granting MK's motion to dismiss for late service.  Nerco argues that its decision not to serve MK was consistent with an established practice at the time;  that is, when a plaintiff files a complaint in federal court and there is any question about federal jurisdiction that plaintiff files a parallel complaint in state court to prevent the statute of limitations from running.  Nerco argues that it was also established practice not to serve the defendant with a copy of the state court complaint.  Service, according to Nerco, only creates the possibility that the defendant will seek dismissal of the state action under I.R.C.P. 12(b)(8) based on the pending federal litigation.  So long as the defendant had notice of the federal action, the defendant suffers no prejudice if later required to defend the same action in state court.  Moreover, Nerco contends that the case law existing at the time Nerco filed the complaint suggested that, had it served MK, its state action would have been dismissed.

Addressing *Sammis* and *Telford,* Nerco argues that the good cause standard set forth in those decisions should not be applied to this case.  Instead, Nerco asks that this Court apply the good cause standard applied under I.R.C.P. 40(c).  Citing this Court's decision in *Chacon v. Sperry Corporation,* 111 Idaho 270, 723 P.2d 814 (1986), Nerco asserts that because it reasonably relied on an established procedural practice, the *Sammis* decision should not be retroactively applied to this case.

■■■ Nerco contends that before this Court's decision in *Sammis,* there was no indication that the good cause provision in the recently amended Rule 4(a)(2) differed in application from the good cause provision in Rule 40(c).  Under Rule 40(c), the trial court has broad discretion when deciding whether to retain or dismiss inactive cases.  *See, e.g., Madsen v. Nuxoll,* 120 Idaho 530, 531, 817 P.2d 196, 197 (Ct.App.1991).  Citing a list of state court decisions, Nerco argues that state courts, before *Sammis,* "believed that issues such as prejudice and notice to the defendant would remain at the core of the inquiry regarding 'good cause.'" Consequently, Nerco's reliance on the established practice at the time was reasonable.

In *Chacon*, the plaintiff (Chacon) was injured in a workplace accident in 1981 involving a forklift. Near the end of the two-year statute of limitations, Chacon filed a complaint naming his employer and two fictitious parties. Once Chacon determined the real names of those parties, the forklift manufacturer and company that sold the forklift, he amended the complaint to include the parties' real names. However, the amended complaint was not filed until after the two-year statute of limitations had run. Before receiving service, the two parties had no prior knowledge of the action. Consequently, the two newly named defendants moved to dismiss the action arguing that I.R.C.P. 15(c) did not allow the amended complaint to relate back to the initial filing date.

On appeal this Court noted that where a plaintiff cannot ascertain a defendant's true name, I.R.C.P. 10(a)(4) allows that plaintiff to designate a fictitious name for the defendant when filing the complaint and then amend the complaint when the true name is ascertained. However, this Court found that I.R.C.P. 15(c) will only allow the amended complaint to relate back to the original filing date for statute of limitation purposes if the notice requirements of the Rule were met. Regardless of whether Rule 10(a)(4) allows a party to designate a fictitious name, Rule 15(c), being more specific, controls on the issue of whether the amended complaint relates back to the initial filing. Rule 15(c)'s notice requirements were not met in *Chacon.*

Although Rule 15(c) had been in effect since 1976, state courts had allowed for an exception. As this Court noted, state courts had permitted

> the amendment of a complaint designating the true name of a fictitiously described party to relate back to the filing of the original complaint *without meeting the requirements of Rule 15(c)* if it can be established that the amending party proceeded with due diligence to discover the true identity of the fictitious party and promptly moved to amend and serve process upon the previously fictitiously described party.

*Chacon*, 111 Idaho at 275, 723 P.2d at 819 (emphasis added). Consequently, this Court chose to apply its holding prospectively reasoning that Chacon had substantially relied on established practice in state courts. *Id.* at 276, 723 P.2d at 820.

Similarly here, Nerco argues that, in choosing not to serve MK with a copy of the complaint, it substantially relied on an established practice in Idaho courts regarding the determination of good cause. The problem with this argument is that the practice noted in *Chacon* was based on a long standing procedural rule, I.R.C.P. 10(a)(4), and was based upon a procedure established by the courts. In this case, there was no indication that the Idaho courts would interpret I.R.C.P. 4(a)(2) identically to I.R.C.P. 40(c). Thus, there was no established practice on which Nerco was relying, other than their belief that other attorneys were not complying with the Rule either. Therefore, a finding of good cause under I.R.C.P. 40(c) justifying retention of a case on the court's calendar is wholly irrelevant to a determination of whether Nerco had good cause for failing to serve MK with a copy of the state complaint under I.R.C.P. 4(a)(2).

### *I.R.C.P. 4(a)(2)*

██ As noted above, this Court has held that prejudice and the defendant's notice of the claims are not factors to consider in a good cause determination under Rule 4(a)(2). Instead, the plaintiff must have a legitimate excuse for failing to timely serve the defendant with a copy of the complaint. Nerco asserts that, because it was a generally accepted practice not to serve the state complaint when there was also a federal case pending, this establishes sufficient good cause under Rule 4(a)(2). We disagree. Even if we agreed that this was indeed an accepted and established practice, we do not agree that a practice of the bar to disregard the clear meaning of the Court's rules creates good cause.

██ The other reason asserted by Nerco to establish good cause is that it wanted to avoid dismissal under I.R.C.P. 12(b)(8). Rule 12(b)(8) allows a party to raise as a defense the fact that "another action is pending between the same parties for the same

**536**

cause." In light of the other litigation, it is within the court's discretion whether to proceed with the case. *See Wing v. Amalgamated Sugar Co.,* 106 Idaho 905, 908, 684 P.2d 307, 310 (Ct.App.1984). Factors for courts to evaluate include the identity of the real parties in interest, the nature of the claims, judicial economy, costs and delay to the litigants, avoidance of inconsistent judgments. *Id.*

Nerco contends that had it served MK with a copy of the state complaint, a motion to stay would not have been granted, and the state action would have been dismissed under Rule 12(b)(8). *See Roberts v. Hollandsworth,* 101 Idaho 522, 616 P.2d 1058 (1980); *Diet Center Inc. v. Basford,* 124 Idaho 20, 855 P.2d 481 (Ct.App.1993). However, Nerco's fears are purely speculative. Had Nerco suffered a dismissal of the state action under I.R.C.P. 12(b)(8) after serving the complaint and moving for a stay, this Court could properly answer that question. Moreover, after reviewing *Roberts* and *Diet Center,* Nerco's fears appear misplaced. Both of those cases indicated that where there is a question as to jurisdiction in the pending federal action, dismissal under Rule 12(b)(8) may not be proper. Moreover, in *Roberts* this Court stated: "there may be some circumstances which would justify a state court in staying a state court action pending the termination of a similar controversy pending in the federal courts...." *Roberts,* 101 Idaho at 525, 616 P.2d at 1061; *see also Zaleha v. Rosholt, Robertson & Tucker,* 129 Idaho 532, 534–35, 927 P.2d 925, 927–28 (Ct.App.1996). Thus, there is clearly no absolute requirement that the state court action be dismissed.

Nerco's justification for not serving MK because the state action would be dismissed does not constitute good cause. Even viewing the facts in a light most favorable to Nerco, Judge Neville did not err in granting MK's motion to dismiss under I.R.C.P. 4(a)(2).

### B.  Attorney Fees

 Both MK and Nerco request attorney fees on appeal pursuant to I.C. § 12–121. This Court will award fees under § 12–121 to the prevailing party only when an appeal is brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Nerco does not prevail on appeal and, thus, is not entitled to fees. MK contends that under this Court's holdings in *Sammis* and *Telford* there was no basis in fact or law for Nerco to pursue this appeal. Because of this Court's ongoing interpretation of good cause under I.R.C.P. 4(a)(2), Nerco's appeal was not frivolous, unreasonable or without foundation, and MK is not entitled to fees on appeal.

### IV.  CONCLUSION

For the reasons stated above, Judge Neville's order granting MK's motion to dismiss pursuant to I.R.C.P. 4(a)(2) is affirmed. Costs are awarded to MK pursuant to I.A.R. 40.

Justices SCHROEDER, WALTERS, Justices Pro Tem JOHNSON and BURDICK, CONCUR.