53 P.3d 838

John P. HANSEN, Plaintiff–Appellant,

v.

Daniel HERRERA, Defendant–Respondent.

No. 27526.

Court of Appeals of Idaho.

July 2, 2002.

Review Denied Sept. 13, 2002.

Ling Robinson, Rupert, for appellant. Brent T. Robinson argued.

Cooper Larsen, Pocatello, for respondent. Gary L. Cooper argued.

PERRY, Chief Judge.

John P. Hansen appeals from an order of the district court dismissing his personal injury complaint against Daniel Herrera. We affirm.

## I.

### FACTS AND PROCEDURE

Hansen was injured when his motorcycle collided with a vehicle driven by Herrera. The accident occurred on July 1, 1998. On June 20, 2000, Hansen filed a complaint against Herrera and a summons was issued. On that same day, Hansen sent an offer of settlement to Herrera's insurance company in the amount of $100,000. In the letter, Hansen informed the insurance company that

he had filed a complaint and that a summons had been issued but not yet served. No response was received from Herrera's insurance company, and on September 20, 2000, Hansen sent a follow-up letter.

On October 13, 2000, Herrera's insurance company made an offer of settlement in the amount of $24,500. On November 1, 2000, Hansen rejected that offer and indicated that he would be willing to settle for no less than $50,000. The insurance company responded on November 20, 2000, that it would settle Hansen's claim for $26,500. No further action was taken until January 10, 2001, when another summons was issued pursuant to a motion made by Hansen. The complaint and the second summons were served on Herrera on January 17, 2001.

Herrera subsequently filed a motion to dismiss based on Hansen's failure to comply with the six-month time limitation for service of process provided by I.R.C.P. 4(a)(2), which a district judge granted. That district judge concluded that Hansen had failed to show good cause for the untimely service under Rule 4(a)(2). Hansen now appeals, asserting that the district judge erred by overturning the "finding" of the district judge that issued the second summons that good cause existed for his failure to comply with Rule 4(a)(2).

## II.

## STANDARD OF REVIEW

■ The determination of whether good cause exists is a factual one. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). In ascertaining whether good cause exists, there is no bright-line rule. The question of whether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case. *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999). Because the existence of good cause is a factual determination, the appropriate standard of review is the same as that used to review an order granting summary judgment. *Sammis*, 130 Idaho at 346, 941 P.2d at 318. Thus, when reviewing the trial court's decision that Hansen failed to establish good cause under the rule, we must liberally construe the record in the light most favorable to Hansen and must draw all reasonable inferences in his favor. *See id.*

## III.

## ANALYSIS

### A. Order for Issuance of Second Summons

■ On January 3, 2001, an order for issuance of a second summons was entered. The order was issued by the district court in response to an affidavit filed by Hansen's counsel in which he outlined the negotiations that had occurred between Hansen and Herrera's insurance company and stated that the parties had been unable to reach a settlement. Apparently recognizing that the time for service of the original summons and complaint had expired, counsel requested that another summons be issued. Counsel did not assert that good cause existed for the failure to comply with Rule 4(a)(2) nor did he request the district court to make such a finding. After reviewing counsel's affidavit, the district court entered an order for the issuance of a second summons.

On appeal, Hansen argues that that order implicitly constituted a finding of good cause for his failure to comply with Rule 4(a)(2) by the issuing district judge. Hence, Hansen argues, the second judge was bound by the issuing first judge's finding of good cause and erred by granting Herrera's motion to dismiss based on its conclusion that Hansen had failed to show good cause for the untimely service of the original summons. Hansen's argument is unavailing. The affidavit filed by Hansen's counsel did not assert that good cause existed for the untimely service of the original summons. Counsel did not request that the issuing district court make a finding of good cause, and the issuing district court's order does *not* make such a finding. Although the district court ordered that another summons be issued so that Herrera could be served with the second summons and complaint, the district court's order does not suggest that Herrera would be precluded from asserting Hansen's failure to comply with Rule 4(a)(2) in a subsequent motion to

dismiss. There was no finding relating to the existence of good cause under Rule 4(a)(2), and the district court was not bound by the order for issuance of a second summons. Thus, we conclude that Hansen has shown no error in that regard.

## B. Untimely Service of Summons

■ Hansen next contends that the ongoing settlement negotiations with Herrera's insurance company constituted good cause for his failure to comply with Rule 4(a)(2) and that he did not realize that a settlement would not be forthcoming until early January 2001, after the six-month time period had expired.

■ Idaho Rule of Civil Procedure 4(a)(2) provides:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days' notice to such party or upon motion.

By its terms, Rule 4(a)(2) imposes the burden of demonstrating good cause on the party who failed to effect timely service. *Sammis*, 130 Idaho at 346, 941 P.2d at 318. The relevant period of time on which we focus is the six months following the filing of the complaint. *See id.* Thus, in this case, we look at actions taken from June 20 through December 20, 2000.

■ Ongoing settlement negotiations during the six-month period after the filing of the complaint do not provide justification for delay of service and do not, in and of themselves, constitute good cause for noncompliance with Rule 4(a)(2). *See Martin*, 133 Idaho at 376–77, 987 P.2d at 288–89. Although *Martin* should not necessarily be read so as to preclude settlement negotiations from contributing to good cause for noncompliance with Rule 4(a)(2) in every case, we must emphasize that settlement negotiations alone do not provide good cause. The party who has the burden of demon-

strating good cause must show that additional factors exist to support a finding of good cause. *See Martin*, 133 Idaho at 376–77, 987 P.2d at 288–89 (settlement negotiations between parties alone are insufficient to excuse noncompliance with Rule 4(a)(2) where no agreement by insurer to waive time limits found in rule and no evidence that defendant or insurance company enticed plaintiffs to forego service or led them to believe that defendant would not assert his or her rights under the rule).

■ Hansen alleges that the issuance of the second summons and the delivery of a copy of the original summons and complaint to the insurance company with his first demand letter were additional factors supporting a finding of good cause. We are not convinced that the additional factors identified by Hansen, when combined with the settlement negotiations, are sufficient to establish good cause. The issuance of the second summons did not occur until after the six-month time period for service of the original summons had expired. Further, prior decisions indicate that a defendant's notice of the claim is irrelevant to a determination of good cause. *See Martin*, 133 Idaho at 375–76, 987 P.2d at 287–88; *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 534, 976 P.2d 457, 460 (1999).

■ Hansen also claims that the insurance company's conduct constituted a waiver of the six-month time period under I.R.C.P. 4(a). Waiver is a voluntary, intentional relinquishment of a known right or advantage. *Brand S Corp. v. King*, 102 Idaho 731, 734, 639 P.2d 429, 432 (1981). Under no construction of the facts in the case before us has it been shown that Herrera, through the conduct of his insurance company, waived his right to assert Hansen's failure to comply with the time limitation in Rule 4(a)(2). Accordingly, we conclude that Hansen's argument is without merit.

Hansen has failed to demonstrate good cause for his failure to comply with Rule 4(a)(2) and has not established that the insurance company's conduct during the settlement negotiations constituted a waiver. Therefore, we hold that the district court did not err by granting Herrera's motion to dismiss.

## B. Costs and Attorney Fees

 Herrera requests costs and attorney fees on appeal pursuant to I.C. § 12–121. This Court will award attorney fees under that section only when an appeal is brought, pursued or defended frivolously, unreasonably, or without foundation. *Nerco Minerals Co.,* 132 Idaho at 536, 976 P.2d at 462. Based on the holding in *Martin,* there was no basis in law for Hansen to pursue the present appeal unless he alleged factors, in addition to the ongoing settlement negotiations, that supported a showing of good cause. Because Hansen failed to do so and instead relied on the ongoing settlement negotiations to support his claim, we hold that Hansen's appeal was frivolous, unreasonable, and without foundation. Accordingly, we award costs and attorney fees to Herrera.

## IV.

## CONCLUSION

Hansen has failed to show good cause for his noncompliance with I.R.C.P. 4(a)(2) and also has not demonstrated that the insurance company's conduct during the settlement negotiations constituted a waiver of Herrera's right to assert Hansen's failure to comply with the rule. Therefore, the order of the district court granting Herrera's motion to dismiss is affirmed. Additionally, we conclude that Hansen's appeal was brought frivolously, unreasonably, and without foundation. Therefore, costs and attorney fees on appeal are awarded to respondent, Herrera.

Judge LANSING and Judge Pro Tem McKEE, concur.