**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36627**

| | |
|---|---|
| PETER HOOVER, | ) 2010 Unpublished Opinion No. 521 |
| | ) |
| Plaintiff-Appellant, | ) Filed: June 24, 2010 |
| | ) |
| and | ) Stephen W. Kenyon, Clerk |
| | ) |
| SHEILA M. HOOVER ESTATE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Plaintiff, | ) BE CITED AS AUTHORITY |
| | ) |
| v. | ) |
| | ) |
| FARMERS INSURANCE COMPANY OF | ) |
| IDAHO, an Idaho corporation, | ) |
| MARGUERITE D. SOWERSBY, of Farmers | ) |
| Insurance of Idaho, | ) |
| | ) |
| Defendants-Respondents, | ) |
| | ) |
| and | ) |
| | ) |
| FARMERS INSURANCE GROUP, a | ) |
| California corporation, ELDON LEWIS, of | ) |
| Farmers Insurance Company of Idaho, | ) |
| MIKE D. FLYNN, of Farmers Insurance | ) |
| Company of Idaho, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order dismissing claim against defendant Farmers Insurance Company of Idaho and summary judgment in favor of defendant Marguerite Sowersby, affirmed.

Peter Hoover, Basalt, Colorado, pro se appellant.

Peter J. Johnson of Johnson Law Group, Spokane, Washington, for respondent Farmers Insurance Company of Idaho.

1

J. Robert Alexander of Benoit, Alexander, Harwood & High, Twin Falls, Idaho, for respondent Marguerite D. Sowersby.

LANSING, Chief Judge

Peter Hoover appeals an order granting summary judgment to Marguerite D. Sowersby and an order dismissing his claims against Farmers Insurance Company of Idaho for failure to complete timely service of process on the company. As to both orders of the district court, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hoover filed a complaint against Farmers Insurance Company of Idaho (hereinafter Farmers), Marguerite D. Sowersby (hereinafter Sowersby), and several other defendants on May 28, 2008. However, Hoover did not request that the court clerk issue a summons at that time and did not send a copy of the summons with his complaint. On November 15, 2008, Hoover mailed summonses for Farmers and Sowersby with a request that the clerk issue them and return the summonses to Hoover as soon as possible. The summonses were issued by the clerk on November 17, 2008. Farmers was served with the complaint and summons on December 5, 2008. The date of service on Sowersby is not revealed in the record.

Sowersby filed a motion for summary judgment on the ground that the complaint alleged no claim against her. Farmers filed a motion to dismiss pursuant to I.R.C.P. 4(a)(2) and I.R.C.P. 12(b)(2), (4) and (5) on the ground that it was not served with process within six months of the filing of the complaint as required by I.R.C.P. 4(a)(2).

At a telephonic hearing, the district court granted Sowersby's motion for summary judgment, without prejudice, because her name was mentioned only in the caption and was found nowhere in the body of the complaint, and the complaint therefore alleged no cause of action against her. The court also granted Farmers' motion pursuant to I.R.C.P. 4(a)(2) because Hoover did not comply with the six-month time limitation on service of process. The court concluded that Hoover failed to show good cause for the untimely service and dismissed the claims against Farmers without prejudice. Hoover appeals.[1]

---

[1] The district court ultimately dismissed Hoover's claims against the remaining defendants sua sponte for Hoover's failure to serve them. Hoover does not challenge that order on appeal.

## II.

## ANALYSIS

### A.    Summary Judgment for Sowersby

Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.  *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986).  When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party.  Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion.  *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156  (Ct. App. 1994).

In this case, the district court granted summary judgment because Hoover's complaint does not allege any claims against Sowersby, nor does it mention Sowersby by name anywhere in the complaint except the caption.  There is no issue of material fact because there are no articulated claims against Sowersby.  Thus, the order for summary judgment was proper and we affirm.

### B.    Dismissal of Claim Against Farmers

Hoover contends that he showed good cause for failing to serve the summons and complaint upon Farmers within the six-month period required by I.R.C.P. 4(a)(2).   The standard of review on appeal is the same as that for reviewing a motion for summary judgment.   *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533-34, 976 P.2d 457, 459-60 (1999). This Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor.  *Id*. at 534, 976 P.2d at 460.

A time limit for service of a complaint on a defendant is established by I.R.C.P. 4(a)(2), which states:

> If a service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with 14 days' notice to such party or upon motion.

3

Here it is undisputed that service of Hoover's complaint on Farmers did not occur within the prescribed six-month period. When the defendant has made a prima facie showing that service of process was not accomplished during the six months prescribed by the rule, the trial court must determine whether there was good cause for the untimely service. *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999); *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997).

Whether good cause exists is a factual determination. *Rudd v. Merritt*, 138 Idaho 526, 532, 66 P.3d 230, 236 (2003); *Regjovich v. First W. Inv., Inc*., 134 Idaho 154, 157, 997 P.2d 615, 618 (2000). There is no bright-line test to determine whether good cause exists. *Martin*, 133 Idaho at 375, 987 P.2d at 287. "[W]hether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case." *Id*. The good cause inquiry focuses on the six-month time period following the filing of the complaint. *Id*. "If a plaintiff fails to make any attempt at service within the time period of the rule, it is likely that a court will find no showing of good cause." *Id.* at 377, 987 P.2d at 289. *See also*, *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995); *Campbell v. Reagan*, 144 Idaho 254, 257, 159 P.3d 891, 894 (2007). Courts may look at the totality of the circumstances to determine whether plaintiff had good cause for failing to timely serve a defendant. *Sammis*, 130 Idaho at 346, 941 P.2d at 318. Factors that have been deemed irrelevant to a good cause analysis include: the pro se status of plaintiff, that the action will be time barred if dismissal is granted, lack of prejudice to the defendant from untimely service, prior notice of the claim to the defendant, and the timing of the defendant's motion to dismiss. *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 936, 950 P.2d 1271, 1275 (1998); *Sammis*, 130 Idaho at 348-49, 941 P.2d at 318-19. *See also Nerco Minerals Co.*, 132 Idaho at 533, 976 P.2d at 459; *Hincks v. Neilson*, 137 Idaho 610, 612, 51 P.3d 424, 426 (Ct. App. 2002).

Hoover asks the court to consider circumstances that he contends show good cause for failure to timely serve Farmers. These circumstances begin five and a half months after he filed his May 28, 2008, complaint. On November 15, 2008, Hoover mailed his request to the clerk's office to issue a summons. Hoover does not offer any justification for waiting so long to begin his effort to serve Farmers. However, he blames the district court clerk, postal workers and process servers for not enabling him to effect service in the twelve days following his request to

4

the clerk to issue summonses. In the good cause analysis, courts look to factors outside of the plaintiff's control including sudden illness, natural catastrophe, or evasion of service of process. *Martin*, 133 Idaho at 377, 987 P.2d at 289. Although the speed with which the court clerk, postal workers and process servers acted on Hoover's request was outside of his control, he has not shown that any of these persons caused an inordinate delay or that the time taken by any of them to complete their tasks rose to the level of an unforeseeable event. These circumstances do not demonstrate good cause.

Hoover also claims to have made a diligent attempt to serve Farmers within the six-month period. A court may consider a party's diligent efforts to effect service. *Sammis*, 130 Idaho at 346, 941 P.2d at 318. However, one legitimate attempt to effect service, just a few days before the time expires, does not constitute a diligent effort. In *Martin*, 133 Idaho at 377, 987 P.2d at 289, for example, the court did not find a diligent effort where the plaintiff had made one timely act of mailing the complaint and summons to the Sheriff for service eleven days before the six-month period would run. Here, Hoover's last minute attempt to serve Farmers does not amount to a diligent effort.

Hoover also asks the court to consider that his service on Farmers occurred only five days after the deadline and that this slight delay did not prejudice Farmers. However, in *Sammis*, the Idaho Supreme Court rejected an argument that lack of prejudice to the defendant should be a factor weighed by the court on a motion to dismiss for untimely service. The Court said:

> [T]he rule's language renders a consideration of prejudice to the defendants irrelevant to good cause determinations. The rule required the Sammises to show "good cause *why* such service was not made" within the stated time frame. I.R.C.P. 4(a)(2) (1994) (emphasis added). As a federal court noted when interpreting identical language in the analogous federal rule, lack of prejudice to the defendant does not constitute a reason *why* service could not be made. [*Floyd v. United States*, 900 F.2d 1045, 1048 (7th Cir. 1990).]

*Sammis*, 130 Idaho at 348, 941 P.2d at 320. Therefore, this Court will not consider lack of prejudice to Farmers as a relevant factor in determining whether there was good cause. The district court correctly determined that Hoover has not shown good cause for failing to timely effect service.

In the alternative, Hoover argues that the I.R.C.P 4(a)(2) is invalid to the extent that it violates Article 1, Section 10 of the United States Constitution which provides, "No state shall . . . pass any . . . law impairing the obligation of contracts . . . ." Hoover argues that his right to

enforce part of an existing contract has been substantially impeded by application of I.R.C.P. 4(a)(2).

In challenges to state laws for allegedly violating this constitutional provision, the threshold question is, "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978). *See also United States Trust Co. of New York v. New Jersey*, 431 U.S. 1, 17 (1977). "If the state regulation constitutes a substantial impairment, the State, in justification, must have a significant and legitimate public purpose behind the regulation." *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411 (1983).

Civil Rule 4(a)(2) does not operate as a substantial impairment of the insurance contract that Hoover seeks to enforce. The rule does not reduce Hoover's contractual rights nor prevent him from pursuing their enforcement in a court of law. The rule merely imposes standards to ensure efficient and timely disposition of court cases. Courts have inherent power to impose procedural rules to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Talbot v. Ames Const.*, 127 Idaho 648, 652, 904 P.2d 560, 564 (1995). Hoover's adherence to Rule 4(a)(2) would have expedited his action for contract enforcement, not impeded it. Rule 4(a)(2) therefore does not unconstitutionally infringe Hoover's right to contract.

## C.    Attorney Fees

Farmers requests this Court to award its costs and attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). We conclude that such an award is appropriate here as the appeal is frivolous. Sowersby did not request an award of fees. As the prevailing parties, both respondents are entitled to costs.

## III.

## CONCLUSION

The district court's order dismissing the complaint against Farmers and the order granting summary judgment to Sowersby are affirmed. Attorney fees are awarded to Farmers. Costs to both respondents.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

6